IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SCP Distributors LLC, ) | Case No.: 4:24-cv-00345-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Cascade Custom Pools LLC and ) | |
| Christopher Harrington, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 32), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, following Plaintiff's Motion to Enforce Judgment and for Supplemental Proceedings. (DE 19).[1]

**A. Background**

The Report accurately sets forth the relevant factual and legal background, which the Court adopts herein without full recitation. Nevertheless, the following summary is provided for context.

This post-judgment matter arises from Plaintiff SCP Distributors LLC's efforts to enforce a previously entered judgment against Defendants Cascade Custom Pools

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

LLC and Christopher Harrington. On March 27, 2025, the Court granted Plaintiff's motion for supplemental proceedings and referred the matter to United States Magistrate Judge Kaymani D. West for further proceedings and a report and recommendation concerning Plaintiff's Motion to Enforce Judgment (DE 19). (*See* DE 22.)

Pursuant to that order, a supplementary proceedings hearing was held before the Magistrate Judge on May 7, 2025. (DE 32.) Plaintiff appeared through counsel, Attorney Nicholas John Cherry. Defendant Christopher Harrington appeared pro se and stated that he was also appearing on behalf of the corporate defendant, Cascade Custom Pools LLC. (*Id.* at 1.) Although a corporate party may not proceed without licensed counsel, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993), the Magistrate Judge permitted Mr. Harrington's participation for fact-finding purposes without objection and noted his appearance and current address on the docket. (*Id. see also* n.1.)

During the hearing, Harrington was placed under oath and responded to questions regarding the operational status of Cascade Custom Pools LLC, specific bank transactions, and the existence of any assets that could be used to satisfy the judgment. He testified that Cascade Custom Pools LLC no longer exists and that no nonexempt assets were available. (*Id.* at 2.) Plaintiff's counsel confirmed that, given the absence of discoverable assets and the cooperation of Harrington and his spouse in post-judgment discovery, Plaintiff did not intend to pursue further relief at that time. (*Id.*)

### B. Report and Recommendation

On May 7, 2025, the Magistrate Judge issued the Report, recommending denying without prejudice the outstanding portion of Plaintiff's Motion to Enforce Judgment (DE 19). (DE 32.) The Report also recommended that Plaintiff be allowed to renew its request should future proceedings or discovery reveal executable assets or other grounds for enforcement. (*Id.*) There are no objections to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 32) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiff's Motion to Enforce Judgment (DE 19) to the extent it seeks immediate enforcement of the judgment is DENIED without prejudice. Plaintiff may renew its motion or seek further relief should additional facts or assets come to light during the continued course of post-judgment discovery.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 18, 2025


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.